**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 24-836** |
| | ) | **24-837** |
| | ) | |
| **AVIN INTERNATIONAL LTD** | ) | |
| **and KRITI RUBY SPECIAL** | ) | |
| **MARITIME ENTERPRISES** | ) | |

## UNOPPOSED GOVERNMENT MOTION FOR WHISTLEBLOWER AWARD

NOW COMES the United States of America and files this Unopposed Motion for Whistleblower Award, and in support thereof avers the following:

### SUMMARY OF REQUEST

The United States respectfully moves the Court to award $750,000 (USD) to Darren Jay Sabado, a former crewmember of the Motor Tanker Kriti Ruby. The Court is authorized to order this award under the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) ("APPS").[1] The requested amount represents a portion of the criminal fine to be paid by Avin International Ltd ("Avin") and Kriti Ruby Special Maritime Enterprises ("Kriti Ruby SME") (collectively referred to herein as "Defendants") pursuant to their plea of guilty to two counts of violating APPS, along with other federal criminal charges. For the reasons explained below, the

[1] APPS is the domestic implementation of the International Convention on the Prevention of Pollution from Ships which is commonly referred to as "MARPOL" – shorthand for "maritime pollution."

Government believes this amount will appropriately reward the crewmember for the information that resulted in this prosecution and is commensurate with other prior awards. Defendants have agreed, pursuant to the plea agreement, not to oppose or take any position on this motion. *See* Plea Agreement at pp. 14-15.

PROCEDURAL HISTORY

The acceptance of plea and sentencing hearing for Defendants is scheduled to occur on November 19, 2024, before this honorable Court. If the Court accepts the plea agreement, Defendants will be sentenced to pay a criminal fine of $3,375,000 for four total counts of conviction (three counts contained in the Information in the District of New Jersey, and one count contained in the Information in the Middle District of Florida, which has been transferred to this Court to be resolved together with the Information in the District of New Jersey). Two of those counts of conviction are for violations of APPS. Accordingly, half of the criminal fine, or $1,687,500, is associated with the APPS counts that Defendants will be pleading guilty to and for which the whistleblower is eligible for an award, as set forth below.

PORTION OF FINE AVAILABLE AS AN APPS AWARD

Section 1908(a) of APPS provides that "[a] person who knowingly violates the MARPOL Protocol, this chapter, or the regulations issued thereunder commits a class D felony. In the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction." Accordingly, because $1,687,500 of the criminal fine is associated with the APPS convictions, and

the whistleblower is entitled to up to half of that fine amount, the maximum award available to the whistleblower is $843,750. As noted above, the Government respectfully requests that the Court order an award in the amount of $750,000.

IMPORTANCE OF AN APPS AWARD

The APPS award provision serves a valuable law enforcement purpose by encouraging those most likely to know of illegal conduct to report it and cooperate with law enforcement. Because the discharge of oily waste typically takes place in the middle of the ocean in international waters, the only persons likely to know about the conduct and the falsification of a vessel's Oil Record Book are the crewmembers. Absent crewmembers with firsthand knowledge of the illegal conduct coming forward, APPS violations are otherwise extremely difficult to uncover. Further, a crewmember who reports illegal conduct faces potential reprisal, such as the likelihood that he will lose gainful employment and be barred—whether formally or informally—from working in the marine shipping industry in the future or face a demotion. A substantial monetary award, as provided by APPS, both rewards crewmembers for taking those risks and provides an incentive for other crewmembers to come forward and report illegal conduct on vessels in the future.

ASSISTANCE PROVIDED BY THE WHISTLEBLOWER

Prior to the *M/T Kriti Ruby*'s arrival in the Port of Newark, wiper Darren Jay Sabado reported to the U.S. Coast Guard that illegal transfers and discharges of oily bilge water had occurred onboard the vessel during prior voyages. Mr. Sabado had

documented this activity with videos and photographs, which he later provided to the U.S. Coast Guard.[2] In the operations documented by Mr. Sabado, engine room crew members used portable pumps and hoses to transfer oily water from the bilge wells to the sewage holding tank, circumventing the vessel's Oily Water Separator. When the *Kriti Ruby* arrived in the Port of Newark, the U.S. Coast Guard conducted a Port State Control inspection of the vessel and discovered evidence to substantiate the allegations contained in the whistleblower report. Thereafter, Avin executed an Agreement on Security and posted a bond of $3,000,000.

During the course of the Government's investigation, Mr. Sabado provided further testimony about the methods used to conduct the illegal discharges, the dates and locations of the discharges, and efforts made by the crew to cover up the discharges such as hiding the portable pumps and hoses in a void space in the engine room. Based at least in part on the allegations of the whistleblower, combined with the evidence the U.S. Coast Guard and Government gathered, the Defendants entered negotiations with the government to resolve the matter through a plea agreement. As a result, the Defendants stand ready to pay a monetary penalty of $4,500,000, serve a five-year term of probation and implement a substantial Environmental Compliance Plan. It is possible, if not likely, that absent the

[2] Importantly, a whistleblower undertakes significant risk when photographing or videotaping illegal activity in an engine room. At any time, other engineering officers or crewmembers can enter the engine room and observe, unnoticed, a whistleblower taking pictures, particularly from an upper deck.

whistleblower providing information about the illegal discharges to the U.S. Coast Guard, the conduct may never have been discovered. Instead, Mr. Sabado took a significant risk to provide that information, resulting in the Government's ability to supervise members of the Avin fleet making port calls in the United States to prevent future intentional discharges of oily bilge water into the ocean.

HISTORICAL APPS AWARD PAYMENTS

There have been dozens of APPS award payments made over the years, and a $750,000 award in this case is in line with those award payments. In smaller cases, the amounts have generally ranged from $150,000 to $500,000 and are on occasion split between two or more whistleblowers.[3] In larger cases such as this one, the award

---

[3] *United States v. New Trade Ship Management S.A. et al,* 3:22-cr-01802-JO, 42 (S.D.C.A. 2022): award of $550,000 to one crewmember whistleblower, the maximum amount available; *United States v. Misuga Kaiun Co. Ltd.*, 6:20-cr-103, 29 (M.D. Fla. 2020): award of $375,000 to one crewmember whistleblower, half of the amount available. *United States v. Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd.*, 1:20-cr-4, 28 (D. Haw. 2020): award of $300,000 to one crewmember whistleblower, one-third of the amount available. *United States v. Unix Line Pte. Ltd.*, No. 4:19-cr-559, 68 (N.D. Cal. 2020): award of $412,500, the maximum amount available, each to two crewmember whistleblowers. *United States v. Portline Bulk International, S.A.*, No. 19-CR-00434 (D.S.C. 2019): award of $500,000, the maximum amount available, divided between three crewmembers ($200,000, $150,000, and $150,000). *United States v. Aegean Shipping Management, S.A.*, No. 16-CR-00551 (D.S.C. 2017): award of $500,000, the maximum amount available, divided between three crewmembers ($250,000, $150,000, and $100,000). *United States v. DSD Shipping, AS*, No. 15-CR-00102 (S.D. Ala. 2016): award of $750,000, the maximum amount available, divided equally between two crewmembers. *United States v. Marine Managers Ltd.*, No. 14-CR-00118 (E.D. La. 2015): award of $200,000, the maximum amount available, divided equally between two crewmembers. *United States v. Diana Shipping Services S.A.*, No. 13-CR-00040 (E.D. Va. 2013): award of $150,000, the maximum amount available, divided equally between two crewmembers. *United States v. Giuseppe Bottiglieri Shipping Company S.P.A., et al*., No. 12-CR-00057 (S.D. Ala. 2012): award of $500,000, the maximum amount available, split between five crewmembers in varying amounts. *United States v. Odysea Carriers, S.A., et al.*, No. 12-CR-00105 (E.D. La. 2012): award of $183,000, the maximum amount available, to one crewmember. *United States v. Target Ship Management Pte. Ltd., et al*., No. 11-CR-00368 (S.D. Ala. 2012): award of $250,000, the maximum amount available, split between seven crewmembers in varying amounts. *United States v. Ilios Shipping Company S.A., et al*., No. 11-CR-00286 (E.D. La. 2012): award of $350,000, the

amount is generally higher. In *U.S. v. Columbia Shipmanagement Ltd.*, 2:13-cr-193 (D.N.J. 2013), the conduct involved four vessels in three districts and the defendant company was sentenced to a fine of $10,400,000. The government sought $1,000,000 as a whistleblower award to be split amongst nine crewmembers from different ships. The Court granted the motion and awarded each of the cooperating crewmembers $111,111. *Columbia*, 2:13-cr-193, ECF Doc. 15.

In *U.S. v. Pacific Carriers Limited*, 4:20-cr-87, 90 & 98 (E.D.N.C. 2020), the corporate defendant was convicted of several APPS counts (along with other counts) in three judicial districts and ordered to pay a fine of $12,000,000. The government moved for the payment of $1,000,000 to a single whistleblower which the court granted. *Pacific Carriers Limited*, 4:20-cr-90, Rec. Doc. 30.

In *Wallenius Shipmanagement Pte. Ltd.*, 2:06-cr-00213 (D.N.J. 2006), the corporate defendant was convicted of APPS crimes related to the discharge of oily bilge water and garbage, along with obstruction of justice, within a single judicial district and ordered to pay a fine of $5,000,000, which was apportioned only to the APPS counts. *Wallenius*, 2:06-cr-213, ECF Doc. 18. The Court awarded four whistleblower crewmembers $625,000 each, for a total award amount of $2,500,000.

In *U.S. v. Princess Cruise Lines Ltd.*, 1:16-cr-20897 (S.D. Fla. 2017), the

---

maximum amount available, to one crewmember. *United States v. Keoje Marine Co. Ltd., et al.*, No. 11-CR-01258 (D. Haw. 2012): award of $150,000, the maximum amount available, paid to one crewmember.

defendant corporation was prosecuted for various crimes including MARPOL/APPS violations and assessed a criminal penalty of $40,000,000. Of that amount, $2,000,000 was allocated to four APPS counts. There was one whistleblower in the case and he was awarded $1,000,000. *Princess*, 1:16-cr-20897, ECF Doc. 29.

The largest APPS award payment to one whistleblower was in the case of *U.S. v. OMI Corporation, et. al.*, 2:04-cr-60, (D.N.J. 2004). The defendant was convicted of APPS crimes and fined $4,200,000. The Court awarded the whistleblower $2,100,000.

TAX WITHOLDING

The Proposed Order directs the payment of the award to the crewmember minus any withholding tax that must be sent to the Internal Revenue Service. In recent cases where a whistleblower award was granted, the Administrative Office of the United States Courts ("AO") determined that the whistleblower award was subject to a 30% tax withholding. The Government believes that any award to the crewmember in this case may also be subject to the same 30% tax withholding. If this Court orders an award of $750,000, the whistleblower would therefore net $525,000. In order to protect the personal financial information of the crew member, the Proposed Order includes a provision that directs the Government to provide the electronic bank routing and account information to the Clerk under separate cover so that information is not made public.

CONCLUSION AND PRAYER

The Government respectfully requests this Honorable Court exercise its

discretion pursuant to APPS, grant this motion, and order an award of $750,000 to Darren Jay Sabado. The Government believes this amount is proper given the nature and circumstances of this case and is commensurate with other similarly situated awards.

Respectfully submitted this 15th day of November, 2024.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

*/s/ Joseph Stern*
Joseph Stern
Assistant United States Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
Phone: (973) 297-2064

TODD KIM
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
United States Department of Justice

By: */s/ Kenneth E. Nelson*
Kenneth E. Nelson
Senior Trial Attorney
*/s/ Lauren D. Steele*
Lauren D. Steele
Trial Attorney
Environmental Crimes Section
United States Department of Justice
150 M. Street, NE, 4th Floor

Washington, DC 20004
Office Numbers:
(202) 305-0435 (Nelson)
(202) 305-0897 (Steele)
Facsimile Number (202) 514-8865
kenneth.nelson3@usdoj.gov
lauren.steele@usdoj.gov